**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS STEWART, Jr., | No. 14-15664 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00719-RCB |
| v. | |
| KAREN BARCKLAY-DODSON, named as Dr. K. Barcklay-Dodson; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Arizona state prisoner Thomas Stewart, Jr., appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to

his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm in part, reverse in part, and remand.

The district court properly dismissed Stewart's deliberate indifference claims against Bradley, Chenail, Currans, Raitter, Ryan, and Dr. Adu-Tutu because Stewart failed to allege facts sufficient to show that any of these defendants acted with deliberate indifference to his spine and back conditions. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) ("A prison official is deliberately indifferent . . . if the official knows of and disregards an excessive risk to inmate health" (citation and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

However, dismissal of Stewart's deliberate indifference claim against Dr. Lockhart was premature. Stewart alleged that Dr. Lockhart resented him, and "directed a course of treatment that significantly[] reduced [Stewart's] medications," which resulted in Stewart suffering "immense, debilitating pain." Liberally construed, the allegations in the complaint were "sufficient to warrant ordering [Dr. Lockhart] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113,

1116 (9th Cir. 2012). Accordingly, we reverse the judgment as to the deliberate indifference claim against Dr. Lockhart only and remand for further proceedings.

The district court properly granted summary judgment for Dr. Barcklay because Stewart failed to raise a genuine dispute of material fact as to whether Dr. Barcklay was deliberately indifferent in treating Stewart's back pain and hypertension. *See Toguchi*, 391 F.3d at 1057-60 (negligence and a mere difference in opinion are insufficient to establish deliberate indifference); *see also Colwell*, 763 F.3d at 1068 ("[T]he plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [the] plaintiff's health" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by concluding that the Arizona Medical Board letter of reprimand was not admissible to show that Dr. Barcklay acted in conformity with a prior act. *See* Fed. R. Evid. 404(b)(1) (prior acts are not admissible to show that "on a particular occasion the person acted in accordance with the character"); *Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 813 (9th Cir. 2002) (setting forth standard of review and explaining that "reversal is appropriate only when the court's error was prejudicial").

Stewart forfeited his right to appeal the denial of his motions to amend and

for reconsideration of the screening order by failing to file objections to the magistrate judge's orders. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1070 n.4 (9th Cir. 2015) (a party who fails to file any objections with the district court forfeits his right to appellate review of the magistrate judge's nondispositive orders).

Stewart's challenge to the denial of his motion for a preliminary injunction is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

Stewart's pending requests and motions are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**